# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

THERESA A. TORRICELLAS,

Petitioner,

vs.

DAWN DAVISON, Warden, et al.,

Respondents.

Civil No. 98cv0754-BTM

**ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT**

On August 2, 2006, this Court entered judgment denying Petitioner's Second Amended Petition for a writ of habeas corpus, and issued a Certificate of Appealability limited to claims five and six in the Second Amended Petition. (Doc. No. 209.) On August 17, 2006, eleven court days later, Petitioner constructively filed a Motion for Reconsideration, which the Court construed as a motion to alter or amend the judgment pursuant to Fed.R.Civ.P. 59(e).[1] (Doc. No. 211.) On September 8, 2006, Petitioner filed a Motion to Expand the Record to include additional documents she had received through discovery, in order to complete the record for appellate purposes. (Doc. No. 213.) On September 18, 2006, the Court granted the motion to expand the record, denied the motion for reconsideration, and expanded the Certificate of Appealability to include all claims presented in the Second Amended Petition. (Doc. No. 214.)

[1] Petitioner is entitled to the benefit of the "mailbox rule" which provides for constructive filing of court documents as of the date they are submitted to the prison authorities for mailing to the court. Anthony v. Cambra, 236 F.3d 568, 574-75 (9th Cir. 2000). The Court will use the constructive filing dates throughout this Order.

Petitioner filed a Notice of Appeal on October 16, 2006, 28 days after the Court denied the motion for reconsideration, and 75 days after entry of judgment. (Doc. No. 215.)

On December 11, 2006, an Appellate Commissioner of the Ninth Circuit Court of Appeals found that the notice of appeal was not filed within the 30-day jurisdictional time period. (Doc. No. 221.) The Commissioner found that Petitioner's Rule 59(e) motion did not toll the time within which to file a notice of appeal since it was untimely within the meaning of Fed.R.Civ.P. 59(e) and Fed.R.App.P. 4(a)(4), and held that the scope of Petitioner's appeal was limited to review of this Court's order denying the Rule 59(e) motion. (Id.) On February 27, 2007, a two-judge panel of the Ninth Circuit Court of Appeals denied Petitioner's motion for reconsideration of the December 11, 2006 Order. (Pet.'s Mot. for Relief from Judgment, Ex. X-3-4.) The panel found that Petitioner's Rule 59(e) motion was filed eleven court days after entry of judgment, rendering it one day late, and found that Petitioner's reliance on Fed.R.Civ.P. 6(e) was misplaced because that rule applies to service of documents and not to deadlines measured from entry of judgment. (Id.) On June 29, 2007, the same two-judge panel summarily denied Petitioner's motion for reconsideration of the February 27, 2007 Order, and directed that: "No further motions for reconsideration, rehearing, modification, or clarification of this order shall be filed or entertained." (Id., Ex. X-5.)

On August 2, 2007, Petitioner filed the instant Motion for Relief from Judgment pursuant to Fed. R. Civ. P. 60(b)(1), (3) and (6). Petitioner states that she does not call into question the merits of, or rulings related to, the August 2, 2006 judgment, and does not present additional claims, but merely seeks to avoid the limitation on the scope of her appeal imposed by the Ninth Circuit. (Pet.'s Mot. for Relief from Judgment at 2.) She contends she has established "mistake, inadvertence, surprise, or excusable neglect" within the meaning of Rule 60(b)(1) with respect to her proceedings before the appellate court, because the initial finding by the Commissioner was vague as to why her Rule 59(e) motion did not toll the time to file an appeal, and although the order by the panel "was slightly more helpful in pinpointing the problem with Petitioner's time-computations," inadequacies of the prison law library prevented her from timely discovering that the ten-day deadline set forth in Rule 59(e) "is not itself 'jurisdictional' but a

'claim processing' rule under which the deadline can be subject to equitable tolling, and forfeiture or waiver if objections to timeliness [are] not timely raised." (Id.) She argues that equitable tolling should be applied to render her Rule 59(e) motion timely based on her inability to challenge the appellate court's order due to the inadequacies of the prison law library, and, alternately, that any timeliness defect should be deemed waived or forfeited due to Respondent's failure to timely raise objections to the untimeliness of her Rule 59(e) motion. (Id. at 3.) Petitioner contends that she has established "fraud, misrepresentation, or other misconduct of an adverse party" under Rule 60(b)(3), due to misconduct of Respondent Warden Dawn Davidson and other prison officials in dismantling the prison law library and replacing it with a defective system, which prevented her from arguing to the appellate court that Respondent's failure to object to the timeliness of her Rule 59(e) motion rendered it timely, thereby tolling the time to appeal. (Id. at 3-6.) Finally, Petitioner contends that the sum total of the circumstances which led to her late appeal satisfies the "any other reason justifying relief from the operation of the judgment" language of Rule 60(b)(6). (Id. at 6.)

There are only very limited circumstances in which the district court may vacate its prior judgment pursuant to a Rule 60(b) motion filed after the time to appeal has expired, and re-enter judgment to permit the filing of a timely notice of appeal. Rodgers v. Watt, 722 F.2d 456, 458-59 (9th Cir. 1983) (en banc). Such relief is only available where the petitioner can demonstrate due diligence and excusable neglect, and then only where the excusable neglect arose after expiration of the time to file a motion for extension of time to file an appeal under Fed.R.App.P. 4(a)(5). Id. The Federal Rules of Appellate Procedure were amended in 1991, however, to add Fed.R.App.P. 4(a)(6), explicitly setting time limits for filing a motion in the district court to reopen the time to appeal. The Ninth Circuit has already held that the adoption of Fed.R.App.P. 4(a)(6) abrogated Watt as to cases involving lack of notice of entry of judgment. In re Stein, 197 F.3d 421, 425 (9th Cir. 1999). It is likely that the relief sought by Petitioner here under Watt was also abrogated by the adoption of Fed.R.App.P. 4(a)(6). However, the Court need not make that determination because Petitioner is not entitled to relief under Watt.

/ / /

Petitioner contends that the ambiguous language in Fed.R.Civ.P. 6(e) led her to interpret that rule as extending for three days the time to file the Rule 59(e) motion, and she did not see a need to research the issue regarding the non-jurisdictional nature of the time limit until her Rule 6(e) argument was rejected by the appellate court. (Pet.'s Mot. for Relief from Judgment at 10.) The Ninth Circuit has held that such a misinterpretation of Rule 6(e) does not constitute excusable neglect. Kyle, 28 F.3d at 931.

Petitioner next contends that the inadequacies of the prison law library prevented her from learning of Eberhart v. United States, 546 U.S. 12 (2005) and Kontrick v. Ryan, 540 U.S. 443 (2004), in time to argue to the appellate court that those cases provide that her Rule 59(e) motion tolled the time to file an appeal due to Respondent's failure to object to the timeliness of the motion. (Pet.'s Mot. for Relief from Judgment at 2.) Although Petitioner correctly acknowledges that her Rule 59(e) motion was timely for the purposes of resolution in this Court due to Respondent's failure to object to its timeliness (see In re Onecast, Media, Inc., 439 F.3d 558, 562-63 (9th Cir. 2006)), whether it was "timely" within the meaning of Fed.R.App.P. 4(a)(4)(A)(iv) is a question not answered in In re Onecast, and is a question exclusively within the province of the Ninth Circuit. United States v. Sadler, 480 F.3d 932, 940 (9th Cir. 2007) ("We, not the district court, are the ultimate arbiters of compliance with the rules governing the appellate process.") Thus, even assuming Petitioner is correct that her Rule 59(e) motion rendered her appeal timely, that is an issue exclusively within the province of the Ninth Circuit to decide.

The Supreme Court has stated that:

> Thus, at least for purposes of Rule 60(b), "excusable neglect" is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence. Because of the language and structure of Rule 60(b), a party's failure to file on time for reasons beyond his or her control is not considered to constitute "neglect."

Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 394 (1993).

It was not negligence that caused Petitioner's failure to present the issue regarding the non-jurisdictional nature of Rule 59(e) to the appellate court. Rather, it was Petitioner's misinterpretation of the Rules, or, as she contends, her inability to adequately research the issue

in the prison law library. Petitioner has not established that her failure to present her argument in the appellate court was due to mistake, inadvertence, surprise, or excusable neglect within the meaning of Rule 60(b). Thus, there is no basis for relief from this Court's August 2, 2006 judgment under Rule 60(b).[2] Stein, 197 F.3d at 425; Watt, 722 F.2d at 458-59.

Petitioner's Motion for Relief from Judgment is **DENIED**.

**IT IS SO ORDERED.**

DATED: October 5, 2007

Honorable Barry Ted Moskowitz
United States District Judge

[2] Petitioner has failed to demonstrate fraud or misconduct under Rule 60(b)(3) in the running of the prison law library, but even if she could, it would not provide a basis for relief here. Sadler, 480 F.3d at 940; Stein, 197 F.3d at 425; Watt, 722 F.2d at 458-59. The same is true regarding relief under Rule 60(b)(6), which is also unavailable because Petitioner relies on the same allegations set forth in support of her Rule 60(b)(1) relief. See Lafarge Conseils Et. Etudes, S. A. v. Kaiser Cement & Gypsum Corp., 791 F.2d 1334, 1338 (9th Cir. 1986) ("A motion brought under [Rule] 60(b)(6) must be based on grounds other than those listed in the preceding clauses.")